**COMMONWEALTH OF KENTUCKY**
**McCRACKEN CIRCUIT COURT**
**CIVIL ACTION NO. 19-CI- 106**
DIVISION Ⅱ

| | | |
|---|---|---|
| JESSICA GOSSOM as Administratrix | ) | |
| Of the Estate of JOSHUA SHIMKUS, Deceased, | ) | |
| and as Next-Friend of ███████████ | ) | |
| and ███████████ Minors, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action No. 19-CI- 106 |
| | ) | |
| vs. | ) | Division Ⅱ |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | Trial by Jury Requested |
| **(serve via certified mail)** | ) | |
| CT Corporation System | ) | |
| 306 West Main Street, Suite 512 | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |
| TTX COMPANY, | ) | |
| **(serve via certified mail)** | ) | |
| CT Corporation System | ) | |
| 208 South LaSalle Street, Suite 814 | ) | |
| Chicago, IL 60606 | ) | |
| | ) | |
| TTX RAIL SERVICES, INC., | ) | |
| **(serve via certified mail)** | ) | |
| CT Corporation System | ) | |
| 208 South LaSalle Street, Suite 814 | ) | |
| Chicago, IL 60606 | ) | |
| | ) | |
| TRINITY INDUSTRIES RAILCAR CORPORATION, | ) | |
| **(serve via certified mail)** | ) | |
| CT Corporation System | ) | |
| 1999 Bryan Street, Suite 900 | ) | |
| Dallas, TX 75201 | ) | |
| | ) | |
| TRINITY INDUSTRIES, INC., | ) | |
| **(serve via certified mail)** | ) | |
| CT Corporation System | ) | |
| 1999 Bryan Street, Suite 900 | ) | |
| Dallas, TX 75201 | ) | |
| | ) | |

LEXAIR, INC., )
**(serve via certified mail)** )
CW Allen III )
2025 Mercer Road )
Lexington, KY 40511-1018 )
)
PROGRESS RAIL SERVICES CORPORATION, )
**(serve via certified mail)** )
CT Corporation System )
306 West Main Street, Suite 512 )
Frankfort, KY 40601 )
)
URS CORPORATION, )
**(serve via certified mail)** )
CT Corporation System )
306 West Main Street, Suite 512 )
Frankfort, KY 40601 )
)
WILLIAMS PLANT SERVICES, LLC, )
**(serve via certified mail)** )
Corporate Creations Network, Inc. )
101 North Seventh Street )
Louisville, KY 40202 )
)
WORLEYPARSONS GROUP, )
**(serve via certified mail)** )
CT Corporation System )
306 West Main Street, Suite 512 )
Frankfort, KY 40601 )
)
TENNESSEE VALLEY AUTHORITY, )
**(serve via certified mail)** )
Office of General Counsel )
Sherry Quirk, Executive V.P. and Gen. Counsel )
Tennessee Valley Authority )
400 West Summit Hill Drive )
Knoxville, TN 37902 )
    and )
Attorney General of the United States )
U.S. Department of Justice )
950 Pennsylvania Avenue NW )
Washington, DC 20530-0001 )
    and )
Civil Process Clerk )
U.S. Attorney's Office )
Western District of Kentucky )



601 West Broadway                          )
Louisville, KY 40202                       )
                                           )
THOMAS WEATHERBY,                          )
**(serve via certified mail)**             )
█████████████                              )
                                           )
                                           )
BRIAN KIRK EGNER,                          )
**(serve via certified mail)**             )
                                           )
█████████████                              )
                                           )
                                           )
        Defendants.                        )

## COMPLAINT

Plaintiff JESSICA GOSSOM, as Administratrix of the Estate of JOSHUA SHIMKUS,

Deceased, and Next-Friend of ██████████ and ██████████, by her Attorneys Simmons

Hanly Conroy LLC and Keuler, Kelly, Hutchins, Blankenship & Sigler, LLP states as follows:

1.     Plaintiff JESSICA GOSSOM is a citizen and resident of the Commonwealth of

Kentucky. She is former spouse and the duly appointed Administratrix of the Estate of JOSHUA

SHIMKUS, Deceased. She was so appointed on February 19, 2018. JOSHUA SHIMKUS,

Deceased, was at all relevant times a citizen and resident of the Commonwealth of Kentucky.

2.     ██████████ and ██████████, minors, are the biological daughters of

Plaintiff JESSICA GOSSOM and Decedent JOSHUA SHIMKUS. ██████████ and ███

██████ were financially dependent upon Decedent at the time of his death.

3.     Defendant UNION PACIFIC RAILROAD COMPANY is a corporation organized

and existing as a common carrier by rail in and throughout several states of the United States and,

for the purpose of operating said railroad, has owned, possessed, operated, and maintained

locomotives, railcars, tracks, and other equipment in and about the Commonwealth of Kentucky

and elsewhere. Defendant is incorporated under the laws of the State of Delaware and has its

principal place of business in Omaha, Nebraska. Defendant is certified and authorized to do business in the Commonwealth of Kentucky.

This action is brought, in part, and this Court has jurisdiction *inter alia* pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., specifically § 59.

4.        Defendants TTX COMPANY and TTX RAIL SERVICES INC. are related corporations, each of which is organized and existing under the laws of State of Delaware with its principle place of business in the State of Illinois.

5.        Defendants TRINITY INDUSTRIES RAILCAR CORPORATION and TRINITY INDUSTRIES, INC. are related corporations, each of which is organized and existing under the laws of State of Delaware with its principle place of business in the State of Texas.

6.        Defendant LEXAIR, INC. is a corporation organized and existing under the laws of, and having its principal place of business in, the Commonwealth of Kentucky.

7.        Defendant PROGRESS RAIL SERVICES CORPORATION is a corporation organized and existing under the laws of the State of Alabama and has its principal place of business in Nebraska. Defendant is certified and authorized to do business in the Commonwealth of Kentucky.

8.        Defendant URS CORPORATION is a corporation organized and existing under the laws of the State of Nevada with its principle place of business in the State of California. Defendant is certified and authorized to do business in the Commonwealth of Kentucky.

9.        Defendant WILLIAMS PLANT SERVICES, LLC is a limited liability company organized and existing under the laws of, and with its principle place of business in the State of Georgia. Defendant is certified and authorized to do business in the Commonwealth of Kentucky.

10.     Defendant WORLEYPARSONS GROUP, INC. is a corporation organized and existing under the laws of the State of Delaware with its principle place of business in the State of Texas. Defendant is certified and authorized to do business in the Commonwealth of Kentucky.

11.     Defendant TENNESSEE VALLEY AUTHORITY is a federally chartered private corporation pursuant to 16 U.S.C. § 831 with its principle place of business in the State of Tennessee.

12.     Defendant THOMAS WEATHERBY is a citizen and resident of the Commonwealth of Kentucky and the State of Alabama. At all times relevant hereto, Defendant THOMAS WEATHERBY was an employee and agent of Defendant TENNESSEE VALLEY AUTHORITY and jointly or in the alternative acted as an agent for Defendant UNION PACIFIC RAILROAD COMPANY.

13.     Defendant BRIAN KIRK EGNER is a citizen and resident of the Commonwealth of Kentucky. At all times relevant hereto, Defendant BRIAN KIRK EGNER was an employee and agent of Defendant TENNESSEE VALLEY AUTHORITY and jointly or in the alternative acted as an agent for Defendant UNION PACIFIC RAILROAD COMPANY.

**Jurisdiction and Venue**

14.     General personal jurisdiction exists over the Defendant LEXAIR, INC. because it is a Kentucky corporation.

15.     Specific personal jurisdiction exists over the Defendants UNION PACIFIC RAILROAD COMPANY, URS CORPORATION, WILLIAMS PLANT SERVICES, LLC, WORLEYPARSONS GROUP, TENNESSEE VALLEY AUTHORITY, THOMAS WEATHERBY, and BRIAN KIRK EGNAR in this case because all or part of the acts and

Filed          19-CI-00106    02/06/2019          Kim Channell, McCracken Circuit Clerk

omissions alleged as to said Defendants and each of them occurred in, and/or were directed at, the Commonwealth of Kentucky and the resulting injury occurred in the Commonwealth of Kentucky.

16.    Relatedness for purposes of specific personal jurisdiction exists as to Defendants TTX COMPANY, TTX RAIL SERVICES INC., TRINITY INDUSTRIES RAILCAR CORPORATION, TRINITY INUSTRIES, INC. and PROGRESSIVE RAIL SERVICES CORPORATION because the incident and resulting fatal injury in question occurred in the Commonwealth of Kentucky, and said Defendants and each of them owned, leased, supplied, manufactured, sold, distributed and/or inspected the instrumentalities which contributed to causing said fatal injury.

17.    Further, specific personal jurisdiction exists over the Defendants TTX COMPANY and TTX RAIL SERVICES, INC., because Defendants and each of them owned and supplied railcars nationwide including in the Commonwealth of Kentucky. Defendants and each of them purposefully availed themselves of the privilege of conducting business in the Commonwealth of Kentucky and invoked the rights and protections of Kentucky law by leasing and supplying said railcars to railroads with notice, awareness, knowledge and the purpose that said railcars would be operated in interstate commerce including in the Commonwealth of Kentucky. Said railcars were part of regular and substantial operations in the Commonwealth of Kentucky through established channels in the stream of commerce and not the result of isolated, random or fortuitous transactions. Defendants and each of them further availed themselves of the privilege of conducting business in the State of the Commonwealth of Kentucky and invoked the rights and protections of Kentucky law by advertising, soliciting business, and engaging in other activities in or directed to the Commonwealth of Kentucky with the purpose of serving Kentucky markets.

Filed          19-CI-00106    02/06/2019          Kim Channell, McCracken Circuit Clerk

18.    Further, specific personal jurisdiction exists over the Defendants TRINITY INDUSTRIES RAILCAR CORPORATION and TRINITY INDUSTRIES, INC. because Defendants and each of them sought to sell, market and distribute railcars nationwide including in the Commonwealth of Kentucky. Defendants and each of them purposefully availed themselves of the privilege of conducting business in the Commonwealth of Kentucky and invoked the rights and protections of Kentucky law by placing said railcars into the stream of commerce with notice, awareness and/or knowledge that said railcars would be sold, distributed and delivered into the Commonwealth of Kentucky, and by selling said railcars to railroads with notice, awareness, knowledge and the purpose that said railcars would be operated in interstate commerce including in the Commonwealth of Kentucky. Said railcars were part of a regular and substantial flow of goods into the Commonwealth of Kentucky through established channels in the stream of commerce and were not isolated, random or fortuitous sales. Defendants and each of them further availed themselves of the privilege of conducting business in the State of the Commonwealth of Kentucky and invoked the rights and protections of Kentucky law by advertising, soliciting business, and engaging in other activities in or directed to the Commonwealth of Kentucky with the purpose of serving Kentucky markets.

19.    Further, specific personal jurisdiction exists over the Defendants PROGRESS RAIL SERVICES CORPORATION because Defendant sought to inspect railcars nationwide including in the Commonwealth of Kentucky. Defendant purposefully availed iself of the privilege of conducting business in the Commonwealth of Kentucky and invoked the rights and protections of Kentucky law by inspecting said railcars used in the stream of commerce with notice, awareness, knowledge and the purpose that said railcars would be used and operated by railroads in interstate commerce including in the Commonwealth of Kentucky. Said railcars were part of regular and

substantial operations in the Commonwealth of Kentucky through established channels in the stream of commerce and not the result of isolated, random or fortuitous transactions. Defendant further availed itself of the privilege of conducting business in the State of the Commonwealth of Kentucky and invoked the rights and protections of Kentucky law by advertising, soliciting business, and engaging in other activities in or directed to the Commonwealth of Kentucky with the purpose of serving Kentucky markets.

20.     Venue is proper here because the incident causing the fatal injury at issue occurred in McCracken County.

## General Allegations

21.     Decedent Joshua Shimkus was employed as a labor by G.UB.MK, a contractor performing work for Defendant Tennessee Valley Authority ("TVA"). At all times relevant hereto, Deced·nt was working at the TVA Shawnee Fossil Plant in West Paducah, Kentucky.

22.     G.UB.MK at relevant times was a joint venture of Defendants URS Corporation ("URS"), Wiliams Plant Services, LLC ("Williams") and WorleyParsons Group, Inc ("WPG").

23.     On or about December 8, 2017, Defendant Union Pacific Railroad Company ("UP") transported a large shipment of coal in interstate commerce and delivered the same to the TVA Shawnee Fossil Plant in railcars, which were owned by Defendants TTX Company and TTX Rail Services, Inc. (collectively "TTX") and leased to the UP. The full train, including locomotives and railcars was operated on lines into the TVA plant.

24.     During the movement of the train through and into the plant, the hopper doors on one the railcars opened causing it to derail and spilling its load of coal. The railcar in question was manufactured and sold by Defendant Trinity Industries Railcar Corporation and/or Defendant Trinity Industries, Inc. (collectively "Trinity").

Page **8** of **23**

25.    At a time prior to the incident alleged herein, the railcar had been inspected by Defendant Progressive Rail Services, Inc. ("Progressive").

26.    On December 10, 2017, Decedent Joshua Shimkus was operating a vacuum truck as part of the crews cleaning up the derailment and coal spill. Defendants Weatherby and Egner were involved in the clean-up operation.

27.    As part of that clean-up operation, Decedent Joshua Shimkus had to go beneath the railcar with the vacuum hose from his truck. While Decedent was beneath the railcar and between the open hopper doors, Defendant Weatherby directed Defendant Egner to activate the pneumatic valve and close the hopper doors, which Defendant Egner did. As a proximate result thereof, Decedent was caught and crushed between the hopper doors causing him to sustain serious and ultimately fatal injuries.

28.    The pneumatic valve was manufactured, sold and distributed by Defendant Lexair, Inc. ("Lexair").

29.    Decedent Joshua Shimkus died of said injuries on December 11, 2017.

30.    The acts, omissions and instrumentalities of all defendants named herein jointly contributed to causing the injury and death of Decedent Joshua Shimkus.

31.    As a direct and proximate result of the above-described injuries, prior to his death therefrom, Decedent Joshua Shimkus suffered physical pain, disfigurement, and mental and emotional distress.

32.    As a direct and proximate result of the wrongful death of Decedent Joshua Shimkus, his estate has incurred medical expenses and expenses for his funeral and burial and lost the wages, income and benefits that Decedent would have earned.

33.     As a direct and proximate result of the wrongful death of Decedent Joshua Shimkus,

█ and █ have suffered and will suffer into the future the loss of their father's love, affection, society, guidance and financial support including benefits. They have further suffered grief and mental and emotional distress.

### Count I – Negligence vs. Weatherby and Egner

For her cause of action against Defendants THOMAS WEATHERBY and BRIAN KIRK EGNER, Plaintiff states as follows:

34.     Plaintiff herein incorporates by reference ¶¶ 12, 13, 15 and 21-33 of this Complaint.

35.     At all times relevant hereto, Defendants Weatherby and Egner and each of them had a duty to exercise reasonable care in performing their duties as part of the crews cleaning up the spill and derailment, including exercising reasonable care in operating the railcar's pneumatic valve that controlled the hopper doors.

36.     It was reasonably foreseeable that another worker or workers, including Decedent Joshua Shimkus, would be working beneath the railcar as part of that operation and in a position to struck or crushed if the hopper doors were activated.

37.     Defendants Weatherby and Egner and each of them breached said duty and acted unreasonably and negligently by activating and operating the hopper doors while failing to check if all workers were clear of the doors, failing to warn or alert other workers that they were activating the doors, and otherwise failing to take proper precautions.

38.     Defendants Weatherby and Egner and each of them further breached said duty and acted unreasonably and negligently by failing to implement and follow mandated lockout-tagout procedures in violation of 29 CFR § 1910.47, and by failing to comply with and violating other

Federal Rail Administration and Occupational Safety and Health Administration safety regulations.

39. As a direct and proximate result of the foregoing acts and omissions, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▮ and ▮ ▮ to suffer the damages specified above.

## Count II – *Respondeat Superior* vs TVA

For her cause of action against Defendant TENNESSEE VALLEY AUTHORITY, Plaintiff states as follows:

40. Plaintiff herein incorporates by reference ¶¶ 11, 15, 21-33 and 35-39 of this Complaint.

41. At all times relevant hereto, Defendants Weatherby and Egner were employees and agents of Defendant TVA. Defendant TVA is liable, under the doctrine of *respondeat superior*, for the negligent acts and omissions of its agents Defendants Weatherby and Egner described herein and for the injuries and damages resulting therefrom.

## Count III – Negligence vs TVA

For her cause of action against Defendant TENNESSEE VALLEY AUTHORITY, Plaintiff states as follows:

42. Plaintiff herein incorporates by reference ¶¶ 11, 15, 21-33 and 35-38 of this Complaint.

43. At all times relevant hereto, Defendant TVA had a duty to exercise reasonable care for the safety and wellbeing of those performing work on its premises, including the duty to properly train and instruct its employees in the performance of routine, non-discretionary tasks such as cleaning up spilled loads and derailed railcars. Defendant TVA had no choice or discretion

to violate federal rules and regulations for workplace safety including, but not limited to 29 CFR § 1910.47, but was required to observe, follow and implement the same and to instruct, train and require its employees and agents to do so.

44.     It was reasonably foreseeable that serious injury would result from Defendant TVA's failure to perform said duties.

45.     Additionally, and apart from whether or not Defendant TVA had any choice in the matter, none of the decisions, acts or omissions regarding cleaning up the derailed railcar on December 10, 2017, including activating the hopper doors without proper precautions, involved the kind of judgment designed to be shielded by the discretionary function exception.

46.     Defendant TVA, through its employees, agents and otherwise, breached its duties and acted negligently by failing to implement and require adherence to necessary safety precautions including those mandated by federal rules and regulations.

47.     As a direct and proximate result of the foregoing negligence of Defendant TVA, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and █████ and █████████████ to suffer the damages specified above.

### Count IV – *Respondeat Superior* vs UP

For her cause of action against Defendant UNION PACIFIC RAILROAD COMPANY Plaintiff states as follows:

48.     Plaintiff herein incorporates by reference ¶¶ 3, 15, 21-33 and 35-39 of this Complaint.

49.     In cleaning up the derailment and spilled coal shipped in interstate commerce and in addition to being actual agents of Defendant TVA, Defendants Weatherby and Egner were also acting as joint agents for Defendant UP. Defendant UP is liable, under the doctrine of *respondeat*

Page **12** of **23**

000014 of 000025

*superior*, for the negligent acts and omissions of said joint agents, Defendants Weatherby and Egner as described herein and for the injuries and damages resulting therefrom.

## Count V – Supplying Dangerous Instrumentality vs UP

For her cause of action against Defendant UNION PACIFIC RAILROAD COMPANY, Plaintiff states as follows:

50.    Plaintiff herein incorporates by reference ¶¶ 3, 15 and 21-33 of this Complaint.

51.    Because of the high probability of serious injury that can result from their movement and operations, railcars are a dangerous instrumentality as a matter of law.

52.    The railcar in question was particular dangerous because it was not in proper working order, was of unsafe design, and lacked adequate safety devices.

53.    Defendant UP supplied the railcar in question to Defendant TVA and its employees and agents including Defendants Weatherby and Egner.

54.    As a direct and proximate result of the condition, use and operation of said railcar, for which Defendant UP is strictly liable, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▮▮ and ▮▮▮▮▮▮ to suffer the damages specified above.

## Count VI – Negligence vs UP

For her cause of action against Defendant UNION PACIFIC RAILROAD COMPANY, Plaintiff states as follows:

55.    Plaintiff herein incorporates by reference ¶¶ 3, 15 and 21-33 of this Complaint.

56.    Defendant UP had a duty to exercise reasonable care in supplying the train, including the railcar, to Defendant TVA including: maintaining the railcar in proper working order; inspecting the railcar to ensure that it was in proper working order; supplying railcars with

000015 of 000025

appropriate safety devices; providing adequate and appropriate instructions, guidelines and warnings for operating the railcars including required lockout / tagout procedures.

57.     It was reasonably foreseeable that serious injury would result from the operation of a railcar not in proper working order, lacking proper safety devices, and/or by persons who had not received adequate and appropriate instructions, guidelines and warnings.

58.     Defendant UP breached its duties by supplying a railcar to Defendant TVA, which was not in proper working order, which lacked adequate safety devices, and without providing adequate and appropriate instructions, guidelines and warnings as to its operation.

59.     As a direct and proximate result of the foregoing negligence of Defendant UP, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and █████ and ███████████ to suffer the damages specified above.

### Count VII – FELA vs UP

For her cause of action against Defendant UNION PACIFIC RAILROAD COMPANY, Plaintiff states as follows:

60.     Plaintiff herein incorporates by reference ¶¶ 3, 15, 21-33 and 56-58 of this Complaint. Plaintiff brings this count pursuant to 45 USC § 51 *et seq*.

61.     The incident in question occurred when Decedent Joshua Shimkus was crushed by the hopper doors of Defendant UP's railcar, while cleaning up the derailment of said UP railcar, which was part of a UP train. As such, Decedent was a railroader working for Defendant UP and, therefore, covered by the Federal Employees Liability Act, 45 USC § 51 *et seq*.

62.     Defendant UP had a duty to exercise reasonable care with respect to Decedent's employment and working conditions, including *inter alia* the duty to provide proper and adequate training, directions, instructions and equipment with proper safety devices.

000016 of 000025

63.    It was reasonably foreseeable that serious injury would result from the operation of a railcar not in proper working order, lacking proper safety devices, and/or by persons who had not received adequate and appropriate instructions, guidelines and warnings.

64.    Defendant UP breached its duties under the FELA by utilizing a railcar, which was not in proper working order, which did not include adequate safety devices, and without providing adequate and appropriate instructions, guidelines and warnings as to its operation and by otherwise failing to provide Decedent a safe place to work while he was performing tasks as a railroader for Defendant UP.

65.    Defendant UP further breached said duty under the FELA and acted unreasonably and negligently by failing to comply with and violating Federal Rail Administration and Occupational Safety and Health Administration safety regulations.

66.    As a direct and proximate result of the foregoing negligence of Defendant UP, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▮ and ▮ to suffer the damages specified above.

### Count VIII – Supplying Dangerous Instrumentality vs TTX

For her cause of action against Defendants TTX COMPANY and TTX RAIL SERVICES INC., Plaintiff states as follows:

67.    Plaintiff herein incorporates by reference ¶¶ 4, 16, 17 and 21-33 of this Complaint.

68.    Because of the high probability of serious injury that can result from their movement and operations, railcars are a dangerous instrumentality as a matter of law.

69.    Defendant TTX owned the railcar in question, which it leased and supplied to Defendant UP. Defendant UP in turn supplied the railcar to Defendant TVA and its employees and agents including Defendants Weatherby and Egner.

000017 of 000025

70.    As a direct and proximate result of the condition, use and operation of said railcar, for which Defendant TTX is strictly liable, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▇▇ and ▇▇▇▇▇▇ to suffer the damages specified above.

## Count IX – Negligence vs TTX

For her cause of action against Defendants TTX COMPANY and TTX RAIL SERVICES INC., Plaintiff states as follows:

71.    Plaintiff herein incorporates by reference ¶¶ 4, 16, 17, 21-33 and 68-69 of this Complaint.

72.    Defendant TTX had a duty to exercise reasonable care in supplying the railcar to Defendant UP including: maintaining the railcar in proper working order; inspecting the railcar to ensure that it was in proper working order; and supplying railcars with appropriate safety devices.

73.    It was reasonably foreseeable that serious injury would result from the operation of a railcar not in proper working order and lacking proper safety devices.

74.    Defendant TTX breached its duties by supplying a railcar to Defendant UP, which was not in proper working order and which lacked adequate safety devices.

75.    As a direct and proximate result of the foregoing negligence of Defendant TTX, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▇▇ and ▇▇▇▇▇▇ to suffer the damages specified above.

## Count X – Products Liability vs Trinity

For her cause of action against Defendants TRINITY INDUSTRIES RAILCAR CORPORATION and TRINITY INDUSTRIES, INC., Plaintiff states as follows:

76.    Plaintiff herein incorporates by reference ¶¶ 5, 16, 18 and 21-33 of this Complaint.

77.     Trinity Defendants manufactured, sold and distributed the railcar that contributed to fatally injuring Decedent Joshua Shimkus.

78.     Said railcar was in a defective and unreasonably dangerous condition when it left the control of Trinity Defendants in that it was designed such that: its hopper doors could be activated while a person was so positioned to be struck and injured by the doors; the railcar lacked sensors or other like devices to prevent activation of the hopper doors while a person was so positioned to be struck and injured by the doors; the controls for the pneumatic valve were positioned such that one operating said controls had no or inadequate line of sight to ensure that others were clear of the hopper doors; and/or the railcar lacked built-in lock mechanisms or other safety devices to prevent operation of the hopper doors while a person was so positioned to be struck and injured by the doors.

79.     Said railcar was in a defective and unreasonably dangerous condition when it left the control of Trinity Defendants in that it was not accompanied by adequate warnings and instructions concerning the hazard associated with operating the hopper doors.

80.     As a direct and proximate result of the foregoing defects, for which Trinity Defendants are strictly liable, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▮ and ▮▮▮▮▮▮ to suffer the damages specified above.

## Count XI – Negligence vs Trinity

For her cause of action against Defendants TRINITY INDUSTRIES RAILCAR CORPORATION and TRINITY INDUSTRIES, INC., Plaintiff states as follows:

81.     Plaintiff herein incorporates by reference ¶¶ 5, 16, 18, 21-33 and 77-79 of this Complaint.

Page 17 of 23

000019 of 000025

82.    Trinity Defendants had a duty to exercise reasonable care in manufacturing, selling and distributing the railcar, including to design the same to include appropriate safety devices and to provide adequate warnings and instructions.

83.    It was reasonably foreseeable that, without the above-described safety devices and/or adequate warnings and instructions, someone would be seriously injured by the operation of the hopper doors.

84.    Trinity Defendants breached their duties and were negligent by manufacturing, selling and distributing the railcar without the above-described safety devices and/or adequate warnings and instructions.

85.    As a direct and proximate result of the foregoing negligence of Trinity Defendants, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▮▮▮▮ and ▮▮▮▮▮▮▮ to suffer the damages specified above.

### Count XII – Products Liability vs Lexair

For her cause of action against Defendant LEXAIR, INC., Plaintiff states as follows:

86.    Plaintiff herein incorporates by reference ¶¶ 6, 14 and 21-33 of this Complaint.

87.    Defendant Lexair manufactured, sold and distributed the pneumatic valve that that contributed to fatally injuring Decedent Joshua Shimkus.

88.    Said pneumatic valve was in a defective and unreasonably dangerous condition when it left the control of Defendant Lexair in that it lacked built-in lock mechanisms or other safety devices to prevent operation of the hopper doors while a person was so positioned to be struck and injured by the doors.

89. Said pneumatic valve was in a defective and unreasonably dangerous condition when it left the control of Defendant Lexair in that it was not accompanied by adequate warnings and instructions concerning the hazard associated with using it to operate hopper doors.

90. As a direct and proximate result of the foregoing defects, for which Defendant Lexair is strictly liable, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▮▮ and ▮▮▮▮ to suffer the damages specified above.

### Count XIII – Negligence vs Lexair

For her cause of action against Defendant LEXAIR, Plaintiff states as follows:

91. Plaintiff herein incorporates by reference ¶¶ 6, 14, 21-33 and 87-89 of this Complaint.

92. Defendant Lexair had a duty to exercise reasonable care in manufacturing, selling and distributing the pneumatic valve, including to design the same to include appropriate safety devices and to provide adequate warnings and instructions.

93. It was reasonably foreseeable that, without the above-described safety devices and/or adequate warnings and instructions, someone would be seriously injured by using the pneumatic valve to operate hopper doors.

94. Defendant Lexair breached its duties and was negligent by manufacturing, selling and distributing the pneumatic valve without appropriate safety devices and/or adequate warnings and instructions.

95. As a direct and proximate result of the foregoing negligence of Defendant Lexair, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▮▮ and ▮▮▮▮ to suffer the damages specified above.

000021 of 000025

## Count XIV – Negligence vs Progressive

For her cause of action against Defendant PROGRESSIVE RAIL SERVICES CORPORATION, Plaintiff states as follows:

96.     Plaintiff herein incorporates by reference ¶¶ 7, 16, 19 and 21-33 of this Complaint.

97.     Defendant Progressive had a duty to exercise reasonable care in inspecting the railcar, including to ensure that it included appropriate safety devices, that the same and the railcar overall were in proper working order, and to remove the railcar from service until it was in proper and safe working order.

98.     It was reasonably foreseeable that the failure to conduct a proper and adequate inspection would result in someone being seriously injured by the railcar.

99.     Defendant Progressive breached its duties and was negligent by failing to conduct a proper and adequate inspection and by failing to remove the railcar from service when it was not in proper and safe working order.

100.    As a direct and proximate result of the foregoing negligence of Defendant Progressive, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▇▇▇ and ▇▇▇▇▇▇ to suffer the damages specified above.

### Count XV – Negligence / Direct Participation Liability vs
### Progressive URS, Williams and WPG

For her cause of action against Defendant URS CORPORATION, WILLIAMS PLANT SERVICES, LLC and WORLEYPARSONS GROUP, INC., Plaintiff states as follows:

101.    Plaintiff herein incorporates by reference ¶¶ 8-10, 15 and 21-33 of this Complaint.

102.    At the time of the incident in question, Decedent was not a regular or special employee of Defendants URS, Williams, WPG nor any of them. At such time, Decedent did not agree or consent to temporary or special employment by said Defendants.

000022 of 000025

Filed          19-CI-00106      02/06/2019          Kim Channell, McCracken Circuit Clerk

103.    At no relevant time was G.UB.MK the alter ego of Defendants URS, Williams and WPG nor any of them. Plaintiff makes no claim based upon alter ego, vicarious liability or piercing the corporate veil as between G.UB.MK and said Defendants.

104.    Defendants URS, Williams and WPG and each of them had and/or voluntarily assumed the duty to provide G.UB.MK with advice, guidance, policies, procedures, tools and equipment for purposes of enabling G.UB.MK to safely conducting its operations and tasks. Said Defendants and each of them directly participated in setting, providing and otherwise controlling G.UB.MK's budget and resources for safety. Said defendants and each of them had the duty to exercise reasonable care in performing these functions.

105.    It was reasonably foreseeable that a lack of adequate and necessary advice, guidance, policies, procedures, tools, equipment, safety budget and other resources for purposes of enabling G.UB.MK to safely conducting its operations and tasks would result in serious injury.

106.    Defendants URS, Williams and WPG and each of them breached said duties and acted negligently by failing to provide G.UB.MK with adequate and necessary advice, guidance, policies, procedures, tools, equipment, safety budget and other resources for purposes of enabling G.UB.MK to safely conducting its operations and tasks.

107.    As a direct and proximate result of the foregoing negligence of Defendants URS, Williams and WPG and each of them, Decedent Joshua Shimkus was fatally injured as described above causing him, his estate and ▮ and ▮ to suffer the damages specified above.

### Prayer for Relief

WHEREFORE Plaintiff JESSICA GOSSOM as Administratrix of the Estate of JOSHUA SHIMKUS, Deceased, and as Next-Friend of ▮ and ▮ Minors, respectfully demands:

Filed          19-CI-00106      02/06/2019          Kim Channell, McCracken Circuit Clerk

000023 of 000025

1.    Judgment against all Defendants and each of them jointly and severally for

compensatory damages, in an amount in excess of any necessary to confer jurisdiction upon this

Court, including without limitation damages for:

> physical pain, disfigurement, and mental and emotional distress suffered by Decedent prior to his death;

> medical expenses and expenses for Decedent's funeral and burial;

> lost wages, income and benefits that Decedent would have earned since his death and into the future;

> loss of their father's love, affection, society, guidance and financial support including benefits, grief and mental and emotional distress that ███ and ██████ have suffered and will suffer into the future;

2.    Costs;

3.    A trial by jury on all counts and issues;

4.    Pre-judgment and post-judgment interest; and,

5.    Such other and further relief as allowed by law.


                              Respectfully Submitted,
                              SIMMONS HANLY CONROY
                              Attorney for Plaintiff
                              /s/ Gary Payne
                              _____
                              Gary Payne, KY #88522
                              Chris Guinn, KY #97820
                              Ted N. Gianaris, KY #PH12446724
                              One Court Street
                              Alton, IL 62002
                              618.259.2222
                              618.259.2251 (Fax)
                              tgianaris@simmonsfirm.com
                              cguinn@simmonsfirm.com
                              gpayne@simmonsfirm.com

                              and

Keuler, Kelly, Hutchins,
Blankenship & Sigler, LLP
Attorney for Plaintiff
Theodore S. Hutchins, KY #84811
100 South 4th Street, Suite 400
Paducah, KY 42001
(270) 448-8888
(270) 448-0998 fax
thutchins@kkhblaw.com

000025 of 000025



7018 1830 0001 7350 7953

U.S. POSTAGE >> PITNEY BOWES



ZIP 42003       $ 016.80⁰
02 4W
0000340238 FEB 07 2019

**TVA**   Processed In:
**KNOXVILLE**

To:   WT 6A-K

Mailstop:   WT 6A-K
Sender:   **KIM CHANNELL**

KNX

2/11/2019 8:17:44 AM



70181830001173507953



Kim Channell, McCracken Circuit Clerk
300 Clarence Gaines Street - 2nd Floor
Paducah, KY 42003


OFFICE OF GENERAL COUNSEL -SHERRY QUIRK
TENNESSEE VALLEY AUTHORITY
400 WEST SUMMIT HILL DRIVE
KNOXVILLE, TN 37902




# KCOJ eFiling Cover Sheet

Case Number: 19-CI-00106

Envelope Number: 1454753

Package Retrieval Number: 145475310614347@00000151129

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 12.70


The attached documents were generated via the Kentucky Court of Justice eFiling system. For more
information on eFiling, go to http://courts.ky.gov/efiling.

Generated: 2/6/2019 5:44:36 PM

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **19-CI-00106**<br>Court:    **CIRCUIT**<br>County: **MCCRACKEN** |

*Plantiff,* **GOSSOM, JESSICA VS. UNION PACIFIC RAILROAD COMPANY, ET AL**, *Defendant*

TO: **OFFICE OF GENERAL COUNSEL -SHERRY QUIRK**
      **TENNESSEE VALLEY AUTHORITY**
      **400 WEST SUMMIT HILL DRIVE**
      **KNOXVILLE, TN 37902**

Memo: Related party is TENNESSE VALLEY AUTHORITY

The Commonwealth of Kentucky to Defendant:
**TENNESSE VALLEY AUTHORITY**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*H. Chanell*

McCracken Circuit Clerk
Date: **2/6/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

                                         _____
                                                 Served By

                                         _____
                                                 Title



Page 1 of 1



COMMONWEALTH OF KENTUCKY
McCRACKEN CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.: 19-CI-00106

**\*\*ELECTRONICALLY FILED**

JESSICA GOSSOM as Administratrix of
the Estate of JOSHUA SHIMKUS, Deceased,
and as Next-Friend of
and ▮▮▮▮▮▮▮▮, minors,                                          PLAINTIFF

vs.

UNION PACIFIC RAILROAD; TTX COMPANY;
TTX RAIL SERVICES, INC.; TRINITY INDUSTRIES
RAILCAR CORPORATION; TRINITY INDUSTRIES, INC.;
LEXAIR, INC.; PROGRESS RAIL SERVICES
CORPORATION; URS CORPORATION;
WILLIAMS PLANT SERVICES, LLC; WORLEYPARSONS
GROUP; TENNESSEE VALLEY AUTHORITY;
THOMAS WEATHERBY; and BRIAN KIRK EGNER                   DEFENDANTS

## ENTRY OF APPEARANCE

On behalf of the Defendant, Lexair, Inc., comes Edwin A. Jones of the law firm of

Boehl Stopher & Graves, LLP, 410 Broadway, Paducah, Kentucky 42001, and hereby

enters his appearance as counsel of record for Defendant Lexair, Inc. It is respectfully

requested that copies of all notices, pleadings, etc., be forwarded to said counsel.

It is further requested that opposing counsel forward copies of all records to said

counsel for the defendant.

Respectfully submitted,

**BOEHL STOPHER & GRAVES**


_____/s/ Edwin A. Jones_____
Edwin A. Jones
410 Broadway
Paducah, Kentucky 42001
270.442.4369
270.442.4689 facsimile
ejones@bsgpad.com

*Counsel for defendant,*
*Lexair, Inc.*


## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was filed electronically this the 19th day of February, 2019, through the KYeCourts system which will serve a notice of electronic filing and true and correct copies have been served via First Class Mail upon the following:

**Hon. Gary Payne**
**Hon. Chris Guinn**
**Hon. Ted N. Gianaris**
Simmons Hanly Conroy
One Court Street
Alton, IL 62002
*Counsel for Plaintiff*

**Hon. Theodore S. Hutchins**
Keuler, Kelly, Hutchins,
Blankenship & Sigler, LLP
100 South 4th Street, Suite 400
Paducah, KY 42001
*Counsel for Plaintiff*

Union Pacific Railroad Company
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601
*Defendant*

TTX Company
CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, IL  60606
*Defendant*

TTX Rail Services, Inc.
CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, IL  60606
*Defendant*

Trinity Industries Railcar Corporation
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX  75201
*Defendant*

Trinity Industries, Inc.
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX  75201
*Defendant*

Progress Rail Services Corporation
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY  40601
*Defendant*

URS Corporation
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY  40601
*Defendant*

Williams Plant Services, LLC
Corporate Creations Network, Inc.
101 North Seventh Street
Louisville, KY  40202
*Defendant*

E79D0876-D09A-4FF7-97E7-341A0FED4FC9 : 000003 of 000004

EA : 000003 of 000004

Filed          19-CI-00106   02/19/2019          Kim Channell, McCracken Circuit Clerk

Worleyparsons Group
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601
*Defendant*

Tennessee Valley Authority
Office of General Counsel
Sherry Quirk, Executive V.P. and Gen. Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902
*Defendant*

Thomas Weatherby

*Defendant*

Brian Kirk Egner

*Defendant*

           /s/ Edwin A. Jones
           Edwin A. Jones

E790D676-D09A-4FF7-97E7-341A0FED4FC9   000004 of 000004

EA : 000004 of 000004